*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINA RUSSOMANNO | : |
| Plaintiff, | : Civil Action No.: 20-12336 (FLW) |
| vs. | : **OPINION** |
| DAN DUGAN, *et al*, | : |
| Defendants. | : |

**WOLFSON, Chief Judge:**

Plaintiff Gina Russomanno ("Plaintiff"), proceeding *pro se*, brings this employment action against her former employer Sunovion Pharmaceuticals, Inc. ("Sunovion" or the Company) and Dan Dugan, Jenna Yackish, Trevor Volz, and Erik Weeden ("Individual Defendants") (Sunovion and Individual Defendants, collectively, "Defendants"), who are directors and officers of Sunovion, alleging that they discriminated against her based on age, familial status, and conservative belief, which resulted in her discharge from the Company. Defendants move to dismiss Plaintiff's claims as barred by the doctrine of *res judicata*, and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.

For the reasons set forth below, Defendant's motion is **GRANTED**.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

For the purposes of this motion, the relevant facts are derived from Plaintiff's Amended Complaint ("Am. Compl.") and assumed as true.

Plaintiff began her employment at Sunovion in 2016. Am. Compl. p. 20.[1] Plaintiff alleges that during her time at Sunovion she "suffered Disparate Treatment to Similarly situated employees in the following ways: Sales bucket changes, zip code geography changes and realignments, Leadership Roles and Advocate Roles; Insights Council, Pharmacy Consultant, Optum Rx Advocate, PIP Threats and implementation, (all specific to colleagues: Cheryl Bozinis, Bernie McDade, Debra Camp-Frye, Courtney Jograj, Craig Agrusti, and others with similar background experience in similarly situated roles and all hired just 'after' the plaintiff by the same Regional Business Manager, Jeffrey Aromando)." *Id*. at p. 5. During Plaintiff's employment, Sunovion's directors and officers allegedly implemented a new policy ("the 8-Quarter Rule"), which applied only to Plaintiff's sales team. *Id*. at p. 4. Pursuant to the 8-Quarter Rule, any salesperson who had not reached 100% of his or her sales goal during one of the previous eight fiscal quarters, would be placed on a Performance Improvement Plan ("PIP"). *Id*. at p. 8, 27. Plaintiff alleges that Defendants manipulated the sales quotas reporting "to positively impact sales results in favor [of] certain 'chosen' sales representatives," and to disadvantage Plaintiff. *Id*. at 29. As a result, Plaintiff was purportedly placed on a PIP beginning in October 2018, and then terminated on January 4, 2019. *Id*. at p. 2, 20.

Plaintiff further alleges that the 8-Quarter Rule, which led to Plaintiff's placement on a PIP and her eventual termination, were merely pretexts for Sunovion's discriminatory behavior. Specifically, Plaintiff alleges that "her age, race and creeds became focus factors for removing her from employment," and that she was the "only representative on the nine-member Philadelphia team with separate marital and familial status that differed by singlehood with no caregiving/ dependent responsibility." *Id*. at p. 23. In that regard, Plaintiff identifies specific employees who

---

[1] Plaintiff's Amended Complaint does not include consecutively numbered paragraphs, accordingly, this Opinion references page numbers, rather than paragraphs.

were purportedly protected from being placed on a PIP through the use of "inaccurate, inflated sales numbers." *Id*. at p. 9-13, 14-16, 22-25. Plaintiff alleges that each of those employees was otherwise similarly situated to her but, each differed from her based on age, gender, marital status, creed, and race, and as a result, Defendants afforded them preferential treatment.

### A. Plaintiff's Prior Lawsuit

In 2019, prior to initiating the current lawsuit, Plaintiff filed suit against Sunovion. *See Russomanno v. Sunovion Pharm., Inc.*, No. 19-5945 (FLW) ("*Russomano I*").[2] There, like in the present matter, Plaintiff alleged that while employed at Sunovion, she was placed on a PIP after failing to achieve 100% of her sales goals for eight consecutive quarters, and that she was subsequently terminated. *Id*. at 3-4. Plaintiff further alleged that there were reporting issues with the sales quotas, and geographical differences between her and other teammates which negatively impacted her performance. *Id*. at 4. In that lawsuit, Plaintiff asserted a cause of action for "wrongful termination, without real just cause, by Covenant of Good Faith (and fair dealing) Exception." *Id.* at 4. On May 18, 2020, I dismissed Plaintiff's Complaint with prejudice, holding that Plaintiff's employment was "at-will" and therefore, Plaintiff could not assert a wrongful termination claim. *Id*. at 17-18. Moreover, I concluded that since Plaintiff had not "alleged the existence of an express or implied contract, she [could not] assert a wrongful termination claim based on Sunovion's purported breach of the implied covenant." *Id*. at 19.

Three months after the dismissal of *Russomano I*, on July 31, 2020, Plaintiff filed the instant lawsuit against Defendants in New Jersey state court. Defendants, subsequently, removed

---

[2] The facts regarding Plaintiff's prior lawsuit are taken from this Court's opinion in that matter. *See Russomano I*, 19-5945, ECF No. 61, Opinion (May 18, 2020); s*ee also Toscano v. Connecticut General Life Ins. Co.*, 288 F. App'x. 36 (3d Cir. 2008) ("The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties." (internal citations omitted)).

3

the matter to this Court, and Plaintiff sought leave to amend her complaint. On December 11, 2020, Plaintiff filed her Amended Complaint alleging violations of the New Jersey Law Against Discrimination ("NJLAD"), Title VII of the Civil Rights Act of 1964 ("Title VII), the Age Discrimination in Employment Act ("ADEA"), the Equal Pay Act of 1963, and the Diane B. Allen Equal Pay Act.[3] Defendants now move to dismiss all of Plaintiff's claims.

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(6)

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted). While Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the Complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[3] Plaintiff also alleges violations of the "Protecting Older Workers against Discrimination Act (HR 1230)." Am. Compl., p. 2. In her opposition brief, Plaintiff concedes that she "had overlooked that this legislation had not yet passed." Pl. Br. at 28-29. Plaintiff cannot assert a claim based on pending legislation; accordingly, that claim is dismissed.

4

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a plaintiff has met the facial plausibility standard mandated by Twombly and Iqbal, courts within this Circuit engage in a three-step progression. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "outline the elements a plaintiff must plead to state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the Court "peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of trust. *Id*. Finally, where "there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

#### A. Res Judicata

*Res judicata* "encompasses two preclusion concepts—issue preclusion, which forecloses litigation of a litigated and decided matter often referred to as direct or collateral estoppel, and claim preclusion, which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit." *Simoni v. Luciani*, 872 F. Supp. 2d 382, 387–88 (D.N.J. 2012) (quoting *Bierley v. Dombrowski*, 309 F. App'x. 594, 596-97 (3d Cir. 2009)). Claim preclusion gives a judgment "preclusive effect" by "foreclosing litigation of matters that should have been raised in an earlier suit." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984).

A party seeking to invoke claim preclusion must establish three elements: "'(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x. 586, 588 (3d Cir. 2015) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d

5

Cir. 1991)). The Third Circuit has advised that this test should not be applied "mechanically" and instead, courts should "'focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit.'" *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010) (quoting *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir. 1999)). Requiring plaintiffs to present all claims arising out of the same occurrence in a single suit is designed to "avoid piecemeal litigation and conserve judicial resources." *Id*. at 260.

Here, Defendants argue that Plaintiff's claims are barred under the doctrine of *res judicata* because all three elements warranting claim preclusion are present. ECF No. 34, Def. MTD 20-23, Def. Br. 21-23. First, *Russomano I* was dismissed with prejudice for failure to state a claim. *Id*. Second, this matter involves the same parties as the prior matter, Plaintiff and Sunovion, and the Individual Defendants, as Sunovion employees, are in privity with Sunovion. *Id*. Third, both the present matter and *Russomano I* involve the same underlying harms: Plaintiff's termination after she was placed on the PIP. *Id*.

In response, Plaintiff argues that *res judicata* does not apply because "[a]nti-discrimination is a wholly separate policy matter and principle of law which was not directly or substantially of principle issue in the previous case." ECF No. 43-1, Pl. Opp. Br. at 24.[4] Moreover, Plaintiff asserts that "*[r]es judicata* is applicable under the entire controversy doctrine which applies to judgements issued by New Jersey state courts" and here, "the doctrine does not apply because *Russomano I* was removed to federal court." *Id*. at 24-25. Plaintiff highlights that "the Third Circuit has recently held that the entire controversy doctrine would not apply to a judgment entered

---

[4] Plaintiff filed several different versions of her brief in opposition to Defendants' motion to dismiss. *See* ECF Nos. 35, 38, 42, and 43. However, Plaintiff acknowledged that all three opposition briefs "are all actually 'duplicative' of one another (and not 'body' amended as it would appear). The only changes made for these docket items were in reference to the date/time of docket entry." *See* ECF No. 48, Pl. Letter. Accordingly, the Court relies on ECF No. 43, Plaintiff's most recently filed opposition brief, for her arguments on this motion.

6

by a federal court in New Jersey" and therefore, "*[r]es [j]udcata* does not apply and the defense is invalid." *Id*.

As an initial matter, Plaintiff is correct that the entire controversy doctrine does not apply where the prior judgment was entered by a federal court, rather than a New Jersey state court. *See Paramount Aviation Corp. v. Agusta*, 178 F.3d 132 (3d Cir. 1999) (explaining that the entire controversy doctrine "is not the right preclusion doctrine for a federal court to apply when prior judgments were not entered by the courts of New Jersey"); *see Simoni*, 872 F. Supp. 2d at 389 ("While the entire controversy doctrine is applied by federal courts interpreting a prior state court decision . . . it does not apply to a federal court's interpretation of a prior federal decision. Federal preclusion law determines that question"). However, Plaintiff erroneously conflates that principle with the doctrine of *res judicata*, a separate, albeit related, federal doctrine. Indeed, the entire controversy doctrine is "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015) (quoting *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)) (internal quotations omitted). In that regard, the entire controversy doctrine may only be raised as an affirmative defense in federal courts when there was a previous *state court* action involving the same transaction. *Ricketti*, 775 F.3d at 613 (emphasis added); *Yantai N. Andre Juice Co. v. Kupperman*, No. 05-1049, 2005 WL 2338854, at *3 (D.N.J. Sept. 23, 2005) ("In this case, the issuing court in 2002 was the United States District Court for the District of New Jersey. Therefore, the New Jersey Entire Controversy Doctrine is inapplicable."). However, Defendants, here, are not relying on the entire controversy doctrine, but rather, *res judicata* – a general claim preclusion principle which applies in federal courts, regardless of which court rendered the judgment. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 278 (3d Cir. 2016) ("when the first judgment is rendered by a federal district court in New Jersey sitting in diversity, as it was here, federal claim preclusion, not New Jersey's entire

7

controversy doctrine, determines whether a successive lawsuit is permissible."). Having found that Defendants are permitted to rely on the doctrine of *res judicata*, I, now, assess its application to this matter.

First, I find that this Court's May 18, 2020 Order dismissing *Russomano I* with prejudice clearly constitutes a final judgment on the merits. *See Simoni*, 872 F. Supp. 2d at 390 ("Dismissal for failure to state a claim serves as a final judgment on the merits."); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x. 583, 584 (3d Cir.2006) ("A dismissal that is specifically rendered 'with prejudice' qualifies as an adjudication on the merits and thus carries preclusive effect"). Plaintiff's claims in that matter were adjudicated on the merits, and were not dismissed for lack of jurisdiction or another procedural infirmity. *See Costello v. United States*, 365 U.S. 265, 285(1961) ("If the first suit was dismissed for .... a want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."); *Shih–Liang Chen v. Township of Fairfield*, 354 F. App'x. 656, 659 (3d Cir. 2009) (noting that dismissals based on "lack of jurisdiction, improper venue or failure to join a party" are not adjudications on the merits) (citing Fed. R. Civ. P. 41(b)).

Second, I find that this matter involves the same parties as *Russomano I*. Plaintiff and Sunovion are parties to both suits, and clearly satisfy the requirements for that prong of the *res judicata* analysis. However, in this action, Plaintiff has also named Dan Dugan, Jenna Yackish, Trevor Volz, and Erik Weeden as defendants, each of whom is a Sunovion employee. The Third Circuit has explained that claim preclusion "may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Lubrizol*, 929 F.2d at 966 (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972)). Where there is an employee-employer relationship between defendants, that is generally sufficient to satisfy the privity requirement. *See e.g., Gupta*

*v. Wipro Ltd.,* 749 F. App'x 94, 96 (3d Cir. 2018) ("Although Gupta did not name Wipro's president as a defendant in the 2014 action, the close and significant relationship between those two defendants satisfies the privity requirement."); *Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 671 (E.D. Pa. 2012) (finding that employees sued for acts arising from the course of the employment "have the sort of close and significant relationship with their employers that has been found to justify preclusion"). Accordingly, I find that the addition of the Individual Defendants does not preclude a finding that this matter involves the "same parties," because the Individual Defendants are in privity with Suonvion.

Third, I find that the claims asserted in this matter are based on the same underlying events as *Russomano I*, and therefore, constitute the same claims. Courts in this Circuit "take a 'broad view' of what constitutes the same cause of action." *Sheridan*, 609 F.3d at 261. To that end, courts "look toward the 'essential similarity of the underlying events giving rise to the various legal claims.'" *Lubrizol*, 929 F.2d at 963 (quoting *Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982)). Specifically, courts analyze "(1) whether the acts complained of and the demand for relief are the same ...; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same ...; and (4) whether the material facts alleged are the same." *U.S. v. Athlone Industries, Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). "It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions." *Blunt*, 767 F.3d at 277 (internal quotation marks and citation omitted); *Lubrizol*, 929 F.2d at 963 ("A mere difference in the theory of recovery is not dispositive.").

In this matter, Plaintiff asserts various statutory employment discrimination claims related to her termination under state and federal law; in *Russomano I*, Plaintiff alleged a wrongful termination claim based on contract principles. The claims in this matter and in Plaintiff's prior

action are not identical, but they stem from the same set of facts regarding Plaintiff's placement on the PIP and her eventual termination. Hence, Plaintiff's discrimination claims should have been raised in the prior action, because they arise from the same set of facts as the wrongful termination claim already adjudicated in *Russomano I*. See *Matrix Distributors, Inc. v. Nat'l Ass'n of Boards of Pharmacy*, No. 18-17462, 2020 WL 7090688, at *4 (D.N.J. Dec. 4, 2020) (finding that although the legal theories in two lawsuits were not identical, they nonetheless, involved "the same claim' because [they] involve[d] a 'common nucleus of operative facts'"). Significantly, the events supporting Plaintiff's discrimination claims had already occurred at the time she filed *Russomano I*. *Gupta v. Wipro Ltd.*, 749 F. App'x 94, 97 (3d Cir. 2018) (affirming district court's finding that two lawsuits were based on the same cause of action, even where plaintiff raised new claims in the second action, claims arose from the same employment relationship and "because the facts supporting those claims existed during and immediately after Gupta's employment at Wipro – which occurred between 2003 and 2006, and again briefly in 2008 – the claims could have been brought in the 2014 action"). This is not an instance where the allegedly discriminatory conduct giving rise to Plaintiff's claims, here, occurred after she filed her prior lawsuit; indeed, all of the factual underpinnings alleged in the instant Amended Complaint – with the exception of the information regarding Plaintiff's similarly situated colleagues – were included in Plaintiff's prior Complaint. Although Plaintiff's theory of recovery is different, Plaintiff's instant claims indisputably arise out of the same employment relationship and involve the same wrongful acts – her termination and the events surrounding it– at issue in her prior lawsuit. *See Harding v. Duquesne Light Co.*, No. CIV. 95-589, 1995 WL 916926, at *3 (W.D. Pa. Aug. 4, 1995) (finding that two suits were "identical" for claim preclusion purposes where the first suit alleged "breach of contract" and violations of a state wage payment law, stemming from plaintiff's termination and second suit alleged violations of the Americans with Disabilities Act and state discrimination

statues stemming from plaintiff's termination). In that regard, litigation of the instant matter would certainly involve the same witnesses and documentary evidence at play in *Russomano I*, including a review of the sales quota data, Plaintiff's PIP, and testimony from her supervisors. Accordingly, I find that all three requirements for claim preclusion are satisfied, and Plaintiff's Complaint is dismissed.[5]

Generally, dismissal of a complaint with prejudice is appropriate if amendment would be ... futile." *Bankwell Bank v. Bray Entertainment, Inc.*, No. 20-49, 2021 WL 211583, at *2 (D.N.J. Jan. 21, 2021). "An amendment is futile if it is frivolous or advances a claim or defense that is legally insufficient on its face." *Lombreglia v. Sunbeam Prod., Inc.*, No. 20-0332, 2021 WL 118932, at *5 (D.N.J. Jan. 13, 2021). Because Plaintiff's claims are barred under the doctrine of *res judicata* I find that any further amendment would be futile and dismiss Plaintiff's Complaint with prejudice.[6] *See Kolodzij v. Borough of Hasbrouck Heights*, No. 18-CV-00481, 2021 WL

---

[5] Moreover, I note that even if Plaintiff's Title VII and ADEA claims were not barred by the claim preclusion doctrine, I would, nonetheless, dismiss those claims because Plaintiff has not exhausted her administrative remedies. *Slingland v. Donahue*, 542 F. App'x 189, 193 (3d Cir. 2013) (holding Title VII and ADEA claims require administrative exhaustion). Both statutes require employees to timely file a charge with the Equal Employment Opportunity Commission ("EEOC"), as a pre-requisite to filing a discrimination action. *See* 42 U.S.C. § 2000e-5(e) (requiring plaintiff to file a timely charge with the EEOC within 180 days after the alleged unlawful practice, or within 300 days if the plaintiff initiates proceedings in a state agency); 29 U.S.C. § 626(d)(1)(A-B) (requiring plaintiff to file a timely charge with the EEOC within 180 days after the alleged unlawful practice, or within 300 days if the plaintiff initiates proceedings in a state agency). Plaintiff has not alleged that she timely field a charge with the EEOC, and thus, has not exhausted her administrative remedies. *Allen v. New Jersey, Pub. Def.*, No. 16-8661, 2017 WL 3086371, at *9 (D.N.J. July 20, 2017) (dismissing plaintiff's Title VII claims because "paintiff has failed to allege in his Complaint that he timely filed his charge of discrimination with the EEOC with respect to the instant claims"); *Edwards v. Bay State Mill. Co.*, No. 10 -5309, 2012 WL 3133800, at *2 (D.N.J. July 30, 2012) (dismissing plaintiff's ADEA claim for failure to timely file a charge with the EEOC). Moreover, Plaintiff was terminated in January 2019, more than two years ago, and the time period for filing such an EEOC charge has presumably expired, absent the application of any potentially applicable tolling doctrines.

[6] Defendants have also requested that, in the event this Court found dismissal appropriate, this Court require Plaintiff to seek leave of Court before filing any further lawsuits against

753885, at *4 (D.N.J. Feb. 26, 2021) (dismissing plaintiff's complaint with prejudice based on claim preclusion grounds).

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED,** because Plaintiff's claims are barred under the claim preclusion doctrine.

Date: May 4, 2021

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

Defendants. Def. Br. at 23. Defendant's request is denied; however, Plaintiff is forewarned that the Court may grant such injunctive relief or impose sanctions, pursuant to the All Writs Act, if Plaintiff files further frivolous lawsuits. *See Gupta v. Wipro Ltd.,* 765 F. App'x 648, 650 (3d Cir. 2019) ("Under the All Writs Act, 28 U.S.C. § 1651(a), District Courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation.").